**WHGC, P.L.C.**
Jeffrey C.P. Wang (SBN 144414)
*JeffreyWang@WHGCLaw.com*
Paul N. Tauger (SBN 160552)
*PaulTauger@WHGCLaw.com*
Kenneth A. Ohashi (SBN 230440)
*KennethOhashi@WHGCLaw.com*
1301 Dove Street, Suite 1050
Newport Beach, California 92660
Tel:   (949) 833-8483
Fax:   (949) 833-2281

*Counsel for Plaintiff*
HUEY JIUAN LIANG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUEY JIUAN LIANG, an individual, <br><br> Plaintiff, <br><br> v. <br><br> AWG REMARKETING, INC., a New Jersey corporation; GROUP 3 AUCTIONS, LLC, an Ohio limited liability company; COLUMBUS FAIR AUTO AUCTION, INC., an Ohio corporation; PETER M. LEVY, an individual; MARC HOLSTEIN, an individual; KEITH WHANN, an individual; and DOES 1 through 25, inclusive, <br><br> Defendant. | CASE NO. 8:16-cv-00252 <br><br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

### NATURE OF THE ACTION AND THIS COURT'S JURISDICTION

1.     This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§101 et. seq., and for related claims of contributory infringement, and inducement to infringe.  This Court has jurisdiction of this action under 28 U.S.C. §§1331, 1338(a) and (b).

2.     Venue is proper in this district under 28 U.S.C. §§1391 and 1400(a) as each and all of the Defendants conduct business in this district.

**PARTIES**

3.      Plaintiff, Huey Jiuan Liang, is an individual residing in Orange County, California.  Plaintiff was a partner in the California limited liability company, Automotive Remarketing Xchange, LLC (hereinafter "ARX LLC").  Plaintiff is the successor-in-interest to ARX LLC, and hereby the exclusive holder of all of its rights, title and interest in and to ARX LLC's property including ARX LLC's intellectual property and all applicable copyrights.

4.      Upon information and belief, Defendant AWG Remarketing, Inc. (hereinafter "AWG") is a New Jersey corporation. AWG is in the automotive wholesale auction software business.

5.      Upon information and belief, Defendant Group 3 Auctions, LLC (hereinafter "G3") is an Ohio limited liability company.  G3 is in the automotive wholesale auction software business.

6.      Upon information and belief, Defendant Columbus Fair Auto Auction, Inc. (hereinafter "CFAA") is an Ohio corporation. CFAA is in the automotive wholesale auction business.

7.      Defendant Peter M. Levy ("Levy") is a former member of ARX LLC, a part owner of Defendant G3, and an individual residing in California.

8.      Defendant Marc Holstein ("Holstein") is a former member of ARX LLC, a part owner of Defendant G3, a former employee of Defendant AWG, and an individual residing in New Jersey.

9.      Defendant Keith Whann ("Whann") is a part owner of Defendant CFAA and G3, and an individual residing in Ohio.

10.     Defendants Does 1 through 25, whose identities and addresses are unknown to Plaintiff, are individuals and/or corporate entities that are engaged in the unlawful activities complained of herein.  The Complaint will be amended, if appropriate, to include the name or names of these individuals and/or corporate entities when such information becomes available.

2

11.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, the Defendants, including all Defendants sued under fictitious names, and those agents, employees, and/or independent contractors identified herein, were the agent and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment.

12.     Defendants AWG, G3, CFAA, Levy, Holstein, Whann, and DOES 1 through 25 are collectively referred to in this Complaint as "Defendants."

## BACKGROUND

13.     ARX LLC was primarily in the business of creating, developing, marketing and distributing proprietary online software for the wholesale automotive auction market. Among the computer programs created, developed, marketed and distributed by Plaintiff was certain computer code and webpages (hereinafter the "ARX Program"), the subject of infringement in this Complaint.

14.     At least as early as December 2010, ARX LLC began specifically creating and developing the ARX Program as a state-of-the-art stand-alone system for the automobile auction industry.

15.     The ARX Program contains a substantial amount of wholly original copyrightable material, which is protectable under the laws of the United States. The ARX Program includes at least two copyrighted elements: (1) the code of the ARX Program, protected as literary works, and (2) the screen shots of the ARX Program, protected as audiovisual works.

16.     ARX LLC and Plaintiff have complied in all respects with the Copyright Act of 1976, 17 U.S.C. §101 et. seq. and all other laws governing copyright, and applied to the Register of Copyrights in order to obtain the following Certificates of Registration for the ARX Program:

///

3

| No. | Registration | Title | Owner |
|-----|-------------|-------|-------|
| 1 | TX 7-718-189 | Automotive Remarketing Xchange Computer Code AU | ARX |
| 2 | TX 7-718-190 | Automotive Remarketing Xchange Computer Code DH | ARX |
| 3 | TX 7-718-192 | Automotive Remarketing Xchange Computer Code DS | ARX |
| 4 | TX 7-718-195 | Automotive Remarketing Xchange Computer Code FA | ARX |
| 5 | TX 7-718-196 | Automotive Remarketing Xchange Computer Code NR | ARX |
| 6 | TX 7-718-198 | Automotive Remarketing Xchange Computer Code ST | ARX |
| 7 | TX 7-718-203 | Automotive Remarketing Xchange Computer Code UB | ARX |
| 8 | TX 7-718-209 | Automotive Remarketing Xchange Computer Code TC | ARX |
| 9 | TXu 7-861-429 | Automotive Remarketing Xchange Computer Code BR | ARX |
| 10 | TXu 7-861-430 | Automotive Remarketing Xchange Computer Code DA | ARX |
| 11 | TXu 7-861-432 | Automotive Remarketing Xchange Computer Code DR | ARX |
| 12 | TXu 7-861-439 | Automotive Remarketing Xchange Computer Code EP | ARX |
| 13 | TXu 7-861-435 | Automotive Remarketing Xchange Computer Code FT | ARX |
| 14 | TXu 7-861-434 | Automotive Remarketing Xchange Computer Code IA | ARX |
| 15 | TXu 7-861-436 | Automotive Remarketing Xchange Computer Code PA | ARX |

4

| 16 | TXu 7-861-437 | Automotive Remarketing Xchange Computer Code TA | ARX |
|----|---------------|--------------------------------------------------|-----|
| 17 | TXu 7-861-609 | Automotive Remarketing Xchange Computer Code TS | ARX |
| 18 | VA 1-860-096 | ARX Computer Webpage AD | ARX |
| 19 | VA 1-860-106 | ARX Computer Webpage AH | ARX |
| 20 | VA 1-860-155 | ARX Computer Webpage AS | ARX |
| 21 | VA 1-860-112 | ARX Computer Webpage AU | ARX |
| 22 | VA 1-860-165 | ARX Computer Webpage FA | ARX |
| 23 | VA 1-860-161 | ARX Computer Webpage FB | ARX |
| 24 | VA 1-860-159 | ARX Computer Webpage FF | ARX |
| 25 | VA 1-860-110 | ARX Computer Webpage FM | ARX |
| 26 | VA 1-860-143 | ARX Computer Webpage FQ | ARX |
| 27 | VA 1-860-144 | ARX Computer Webpage FS | ARX |
| 28 | VA 1-860-153 | ARX Computer Webpage FT | ARX |
| 29 | VA 1-860-098 | ARX Computer Webpage VA | ARX |
| 30 | VA 1-860-095 | ARX Computer Webpage XA | ARX |

COMPLAINT FOR COPYRIGHT INFRINGEMENT                    CASE NO.: 8:16-cv-00252

17.    Instead of selling or marketing the ARX Program to others who would use it to interface with AWG's automotive auctions, ARX LLC set forth plans to acquire AWG in order to fully integrate the ARX Program with AWG's robust database of automotive vehicles and clients.

18.    From at least as early as late 2010, AWG worked with ARX LLC in hosting the ARX Program and preparing for its restricted internet launch in January of 2011.

19.    Throughout 2011, ARX LLC continued to customize the Program with unique features, such as an integrated arbitration system, the xCentral system, which is a personalized control panel that enables a dealer (such as Defendant CFAA), to monitor their transactions from the time of purchase or sale to delivery, and a dealer ratings system showing the number of deals closed, the number of returns, and customer ratings.

20.    Since the creation of the ARX Program in late 2010, Plaintiff and ARX LLC have expended substantial amounts of money for research and development in order to improve and update the ARX Program.  Start-up capital alone for Plaintiff totaled nearly $700,000.00, which provided the financial backing necessary for the development of the ARX Program.

21.    ARX LLC included as members, Plaintiff as well as Defendants, Levy and Holstein.

22.    Holstein represented to ARX LLC that he was a partial owner and manager of AWG, and that AWG was receptive to being bought by ARX LLC.

23.    ARX LLC and AWG worked together collaboratively in 2010 and 2011, and as part of this collaboration ARX LLC stored its ARX Program on servers controlled by AWG.

24.    Holstein misrepresented his position with AWG; he was not an owner and he had not discussed with AWG's ownership the purchase of AWG by ARX LLC.

25.     Holstein and Levy, without informing Plaintiff or ARX LLC, formed G3 for the purpose of purchasing AWG, and G3 did purchase AWG in about December of 2011.

26.     CFAA and Whann contributed to the funding of G3, which allowed it to make the purchase of AWG.

27.     Since the ARX Program was stored on AWG servers, G3, on information and belief, gained access to the proprietary source code of Plaintiff's ARX Program after it purchased AWG.

28.     AWG and G3 subsequently altered the ARX Program to allow others to access it while prohibiting Plaintiff from accessing the program, resulting in unauthorized and unconsented access to the ARX Program.

29.     Defendant Whann has an ownership interest in Defendant G3 and CFAA.

30.     Upon termination and/or dissolution of ARX LLC, Plaintiff became the owner of all its assets by operation of law.

31.     Without permission from Plaintiff, G3 and CFAA began to, and continue to, use the ARX program.

32.     Without permission from Plaintiff, other entities, which Whann maintains an ownership or other interest in, began and continue to use the ARX Program at the encouragement and/or direction of Whann.

33.     Plaintiff is informed and believes that since December of 2011, Defendants have knowingly and willfully prepared derivative works of the original ARX Program, reproduced the ARX Program, distributed copies of the ARX Program, encouraged others to use the ARX Program, and otherwise used the ARX Program, all without the consent, permission or authorization of Plaintiff.

34.     Plaintiff has demanded that Defendants, and each of them, cease their infringing activities with respect to the ARX Program.  Moreover, Defendants have

knowledge of Plaintiff's ownership of the copyrights in, of and to the ARX Program but nonetheless continue their infringing activities.

35.     The natural, probable, and foreseeable result of Defendants' conduct has been to deprive Plaintiff of licensing revenue and to impose substantial expenses on Plaintiff to enjoy the rights of her intellectual property and copyrights.

36.     Plaintiff is informed and believes that unless enjoined by this Court, Defendants intend to continue their course of conduct, and to wrongfully use, infringe upon, and otherwise profit from the ARX Program.

37.     As a direct and proximate result of the acts of the Defendants, as stated above, Plaintiff has already and continues to suffer irreparable damage and sustain lost profits.

38.     Plaintiff has no adequate remedy at law to redress all of the injuries the Defendants have caused and intend to cause by their conduct.  Plaintiff will continue to suffer irreparable damage and to sustain lost profits until the Defendants' actions alleged above are enjoined by this Court.

## COUNT I
### (COPYRIGHT INFRINGEMENT)

39.     Plaintiff realleges and restates paragraphs 1 through 38 as if fully set forth herein.

40.     Plaintiff is the owner of valid and subsisting United States Copyright Registrations for the ARX Program, including its code and displays.

41.     By continuing to use the ARX Program as described herein, Defendants are infringing Plaintiff's copyrighted works without approval or authorization by Plaintiff pursuant to 17 U.S.C. § 501.

42.     Plaintiff is entitled to recover from Defendants the amount of her actual damages and profits incurred as a result of the infringement under 17 U.S.C. § 504, in such amount as is shown by appropriate evidence upon the trial of this case, or in the alternative, statutory damages under 17 U.S.C. § 504(c).

43.     Defendants' infringement is willful and deliberate in that, with full knowledge of Plaintiff's ownership of valid and subsisting United States Copyright Registrations in the ARX Program, they continue to violate Plaintiff's reserved rights pursuant to 17 U.S.C. § 106 by reproducing, preparing derivative works, and distributing the ARX Program without authorization or consent from Plaintiff.

44.     Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503.

45.     Plaintiff has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Plaintiff's copyrights are unique and valuable assets whose market value is impossible to assess, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Plaintiff, is continuing.

46.     Plaintiff is entitled to recover her attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## COUNT II
### (CONTRIBUTORY COPYRIGHT INFRINGMENT)

47.     Plaintiff realleges and restates paragraphs 1 through 46 as if fully set forth herein.

48.     Plaintiff is informed and believes that, since December 11, 2011, Defendants, with full knowledge of infringement, have knowingly and willfully induced and materially contributed to the use of the ARX Program by others. In particular, Defendants Holstein, Levy, AWG and G3 purport to offer the ARX program under their authority and/or license to others (such as CFAA). Defendant Whann, on information and belief, has caused and encouraged use of the ARX Program with entities of which he has an ownership or other interest, such as CFAA and G3, with knowledge of infringement.

9

49.     Defendants' continued unlicensed use of the ARX Program is without authorization and infringes the copyright in the ARX Program, under which Plaintiff holds the sole, exclusive rights to publish, exploit, use and distribute the ARX Program.

50.     Each Defendant conspired to, with one or more Defendants, and did significantly facilitate copyright infringement by causing others to use the ARX Program, and knowingly and materially contributed to the infringement of the ARX Program.

51.     Such actions by Defendants were intentional, willful, wanton, and performed in total disregard of the rights of Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants as follows:

a.      That the Court issue injunctive relief against Defendants, and that Defendants, its directors, principals, officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from copying, modifying, distributing or making any other infringing use of Plaintiff's ARX Program;

b.      That the Court order Defendants to pay Plaintiff's actual and consequential damages incurred, in an amount to be determined at trial or, in the alternative, statutory damages as set forth in 17 U.S.C. § 504(c);

c.      That the Court order Defendants to account for and disgorge to Plaintiff all profits derived by Defendants from their unlawful acts;

d.      That the Court order Defendants to pay Plaintiff's litigation expenses, including reasonable attorney's fees and costs of this action; and

e.      That the Court grant Plaintiff any such further relief as the Court may deem just and proper.

COMPLAINT FOR COPYRIGHT INFRINGEMENT                                CASE NO.: 8:16-cv-00252

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 12, 2016                Respectfully submitted,


                                        /s/ Paul N. Tauger
                                        Paul N. Tauger (SBN 160552)
                                        **WHGC, P.L.C.**
                                        1301 Dove Street, Suite 1050
                                        Newport Beach, CA  92660
                                        Tel:  (949) 833-8483
                                        Fax:  (949) 833-2281
                                        Email: PaulTauger@WHGCLaw.com
                                        *Counsel for Plaintiff*